## Seidel's Adoption

*Albert S. Readinger*, for petitioner.
*Henry M. Koch*, for objector.

MARX, P. J., February 23, 1935.—Walter E. Ranck, petitioner, seeks the adoption of Grace Belle Seidel, a minor, born March 16, 1929. The minor is the daughter of Helen M. Ranck, petitioner's wife, by a former marriage. The mother was divorced, a. v. m., from Robert G. Seidel, father of the minor, in 1932, and was married to the petitioner on August 18, 1934. Since her divorce, the mother has had custody of the child. By writing she consents to the adoption sought, she retaining her status as the natural parent of the child.

Robert G. Seidel, father of the minor, resists the petition. Testimony was taken and from this we find that on September 15, 1931, said Robert G. Seidel and his then wife Helen M. Ranck entered into a written agreement, a copy of which is attached to the formal petition filed, a summary of which, so far as pertinent to this issue, is:

The husband released and conveyed to the wife his interest and estate in real estate held by entireties, in consideration of the payment of $500. The husband further agreed to execute a nol pros., to be entered in the case of Commonwealth v. Helen K. Seidel, no. 320 December sessions, 1930, Court of Quarter Sessions of Berks County, and a nol. pros. in the case of Commonwealth v. Park Adams, no. 319 December sessions, 1930, of said court. The charges in the aforesaid two prosecutions were adultery and fornication respectively. The husband was given the right to visit his daughter, this minor, at the home or place where said minor might be, weekly, on Saturday, between stipulated hours. He was permitted to have custody of the child, when between the ages of 4 and 6 years, on 1 day of each week, to be agreed upon. He was to be allowed to take the child from her home and have custody of her for a period of 1 week in July and 1 week in August, between the ages of 6 and 10 years. Further provision for custody of the child was likewise made, but need not here be considered. It was, however, stipulated that when the child arrived

at the age of 12 years she might decide when and in what manner she wished to go to her father's home. At all other times the child was under the custody of her mother. The agreement further provided that an order of the Court of Quarter Sessions of Berks County, no. 407 September sessions, 1930, where the husband was directed to pay weekly the sum of $7.50 for the support of the child, be revoked and all arrearages thereunder canceled, without prejudice to the wife's right, in the event of a breach of the terms of the agreement by the husband, to ask a reinstatement of the order. It finally provided that "so long as duly kept and performed by the first party [husband], the second party [wife] assumes all responsibility for the care, maintenance and support of said Grace Belle Seidel."

The contract was not repudiated, nor did either party give any reason why it should not be fully observed and recognized as establishing the relationship and rights between the parties here concerned. There was testimony tending to show indifference on the part of the father of the child, frequent quarrels between the parents and an eventual termination of the visits by the father to the child, first at her home and, thereafter, at appointed places. To the contrary, it was admitted that on Christmas, Easter and the birthdays of the child the father invariably sent her some gift. We need not consider who was responsible for the intolerance and impatience prevailing between the mother and father of the child. No violation of the agreement was charged by the mother. She and her former husband agreed and thus established the contractual relations between themselves. A careful examination of this agreement does not satisfy or convince us the father of the child abandoned the child or renounced his rights to the companionship, custody and parenthood of the child to such an extent as to enable us to find and decree a sacrifice or loss of his rights to consent to or oppose this application. While it might be to

the benefit of the child to allow the adoption, the withdrawal or denial of the rights of the father, under the recited circumstances, lies beyond the power or control of this court.

Now, to wit, February 23, 1935, the prayer of the petition must be declined, and the petition dismissed at the cost of the petitioner.